PATRICK F. TIMONY, JR., *vs.* JAMES CASEY.

PROVIDENCE—OCTOBER 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

A petition for a new trial, alleging that the verdict was against the evidence, having been denied, application was made for leave to reargue the same, coupled with a prayer for a new trial on the ground of newly discovered evidence to meet testimony given at the trial, which was alleged to have been a surprise to the petitioner :—

*Held,* that it would be anomalous to grant a reargument of a petition for a new trial involving merely a question of evidence.

*Held,* further, that, if petitioner were surprised by testimony given at the trial, he should have asked for a continuance, to enable him to procure the evidence stated in his petition to rebut that testimony.

A new trial is seldom granted for newly discovered evidence which would merely impeach, or discredit, the testimony of a witness at the trial.

APPLICATION for reargument of a petition for a new trial.

PER CURIAM. The petitioner asks for leave to reargue his petition for a new trial. The petition which he wishes to reargue was based on the ground that the verdict was against the evidence. It did not raise any question of law. The court was of the opinion that the evidence, though conflicting, was sufficient to sustain the verdict, and therefore denied

the petition. To grant a reargument of a petition for a new trial, which involved merely a question of evidence, would be anomalous.

The present petition, in so far as it is a petition for a new trial, rests on the ground of newly discovered evidence. The plaintiff testified at the trial that he was hired by a Connecticut farmer, to work for him for fourteen dollars a month. If the defendant was surprised at this testimony, or had deemed it of sufficient importance to be rebutted, he should have asked for a continuance, to enable him to procure the evidence which he now seeks to make the basis of a second petition for a new trial as newly discovered evidence. This he not only did not do, but he did not.even make it a ground of his former petition for a new trial ; and no sufficient reason is shown why, in the exercise of reasonable diligence, he might not have produced the newly discovered evidence on the hearing of the former petition. *Davidson* v. *Wheeler*, 17 R. I. 433 ; *Riley* v. *Shannon*, 19 R. I. 503. Moreover, the purpose of the newly discovered evidence is merely to impeach, or discredit, the testimony of the plaintiff, and a new trial is seldon granted for newly discovered evidence of that character. *Dexter* v. *Handy*, 13 R. I. 474 ; *Roberts* v. *Roberts*, 19 R. I. 349 ; *Jones* v. *New York, New Haven & Hartford R. R. Co.*, 20 R. I. part 1, 212.

Petition denied and dismissed.

*Claude J. Farnsworth and Thomas F. Vance*, for plaintiff.

*Hugh J. Carroll*, for defendant.